**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3769-17T2

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

BERNARDO GARCIA,

    Defendant-Respondent.

_____

Submitted February 26, 2019 – Decided June 21, 2019

Before Judges Hoffman and Suter.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 16-08-1079.

Esther Suarez, Hudson County Prosecutor, attorney for appellant (Erin M. Campbell, Assistant Prosecutor, on the brief).

Joseph E. Krakora, Public Defender, attorney for respondent (Stephen P. Hunter, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

The State appeals a Superior Court order that admitted defendant to the Hudson County Drug Court (Drug Court). It contends defendant is a "danger to the community," and because of this, he is ineligible for admission. We lack jurisdiction to hear the State's appeal based on State v. Hyland, __ N.J. __, __ (2019) (slip op. at 15) and dismiss the appeal.

I

Defendant robbed a bank in Union City, saying to the teller, "give me the money . . . or I'll shoot someone." The teller put $7880 in a bag and gave it to defendant who then fled. He eventually turned himself in when he learned the police were looking for him in connection with the robbery. He told the police he robbed the bank but explained he was having financial problems that made it difficult to provide for his family. He admitted saying to the teller that "he would shoot the place up" while he kept his hands tucked in around his waist to look like he had a gun. He learned how to do this from an internet search he made the night before the robbery.

Defendant pleaded guilty[1] to second-degree robbery, N.J.S.A. 2C:15-1(a)(2), and applied to Drug Court. The prosecutor's office rejected defendant's

---

[1] Initially, defendant pleaded guilty to first-degree robbery, N.J.S.A. 2C:15-1(a)(2), although he was sentenced in the second-degree range to a seven year

application, claiming he was a significant threat to the community and had a history of violence.

Defendant filed a motion to overturn the prosecutor's objection. At the hearing, the State argued defendant posed a significant danger to the public. In a robbery in 2008, he purportedly broke the nose of his victim. In the bank robbery, he threatened to "shoot the place up." The State contended defendant was not eligible for Drug Court because he alleged possession of a gun during the bank robbery, even though he did not actually have one. All that was required to preclude eligibility, according to the State, was that the victim reasonably believed defendant had a weapon. The State argued that admission into Drug Court was not intended to apply to persons such as defendant who committed a "premediated armed bank robbery."

Defendant argued he was not a danger to the community. He was not charged with aggravated assault for the 2008 robbery. He did not have a gun during the bank robbery. His criminal record was limited. Defendant argued he

---

term with an eighty-five percent period of ineligibility. He appealed, claiming the indictment did not allege any facts or include any statutory language constituting first-degree robbery, and requested a remand to amend the judgment and to resentence him for second-degree robbery. The parties stipulated to dismiss the appeal. State v. Garcia, No. A-003771-16 (App. Div. Oct. 2, 2017).

A-3769-17T2

had an extensive and long-standing history of drug use. The Treatment Assessment Services for the Courts (TASC) evaluation reported he had five severe drug abuse issues[2] and recommended treatment in a long-term residential in-patient treatment program. Defendant's counsel argued that defendant was "dope sick [and] desperate for money."

The trial court granted defendant's application for admission to Drug Court, sentencing him to five years of special probation under N.J.S.A. 2C:35-14, with the specific condition of complying with Drug Court supervision. The court also imposed an alternative sentence of seven years in jail subject to an eighty-five percent period of parole ineligibility if he violated the conditions of his special probation.

The court found that the threat of a weapon, without actual possession, did not bar defendant from participation in Drug Court. It accepted defendant's contention that he did not have a weapon during the robbery. The court took into consideration that the robbery did not involve a physical assault, defendant had been in jail for two years, and he had a severe substance abuse history for which the treatment recommendation was a long-term in-patient program. The

---

[2] These included alcohol, cannabis, cocaine, sedative and opioid use disorders all in "sustained remission in a controlled environment."

court also considered defendant's statement to the police when he was arrested[3] and his substance abuse evaluation. The court determined it would give defendant "a chance to prove [himself]."

The court found that "placing . . . defendant in [D]rug [C]ourt will not pose a significant danger to the community." There was no statutory bar to defendant's admission to the program because there was no physical assault. "It was second-degree robbery based on fear, based on [a] threat." Then, in weighing applicable aggravating and mitigating factors, the court concluded that the aggravating factors were outweighed because defendant was likely to respond affirmatively to probationary treatment. The State's application for a stay was denied.

The State appeals, arguing that we have jurisdiction to decide this case. The State argues that defendant was not an appropriate candidate for Drug Court given the nature and circumstances of his criminal offenses.

II

"Drug Courts are specialized courts within the Superior Court that target drug-involved 'offenders who are most likely to benefit from treatment and do not pose a risk to public safety.'" State v. Meyer, 192 N.J. 421, 428-29 (2007)

---

[3] The statement was not included in the record.

(quoting Administrative Directive #2-02, "Manual for Operation of Adult Drug Courts In New Jersey" 3 (July 22, 2002)). Admission to Drug Court occurs in two ways. State v. Clarke, 203 N.J. 166, 174 (2010). Track one defendants are subject to sentencing with a presumption of imprisonment and must satisfy the nine separate factors set forth in N.J.S.A. 2C:35-14(a). Id. at 175. They are required to serve a period of "special probation" pursuant to N.J.S.A. 2C:35-14(a). Ibid. Track two defendants are eligible under the general sentencing provisions of the Criminal Justice Code. Id. at 175-76 (citing Meyer, 192 N.J. at 432). Defendant is track one because he was convicted of second-degree robbery, which carries with it both a presumption of incarceration and a mandatory period of parole ineligibility. See N.J.S.A. 2C:43-7.2; N.J.S.A. 2C:44-1(d).

In 2012, the Legislature amended the Drug Court statute, N.J.S.A. 2C:35-14. See L. 2012, c. 23. The amendments "directly altered eligibility requirements and procedures for consideration of [t]rack [o]ne defendants." State v. Maurer, 438 N.J. Super. 402, 414 (App. Div. 2014). "[T]he amendments removed the express ban on admission of those defendants who committed either second-degree robbery or burglary offenses." Ibid. (citing L. 2012, c. 23, § 5). It also deleted N.J.S.A. 2C:35-14(c), which required a court to make a finding

A-3769-17T2

of "gross and patent" abuse of discretion by the prosecutor before it could admit a defendant to Drug Court over the prosecutor's objection.  Ibid.

Defendant pleaded guilty to second-degree robbery.  Under the 2012 amendment, he no longer was ineligible for Drug Court based solely on the nature of his conviction.  The trial court considered the factors under N.J.S.A. 2C:35-14(a) (1) to (9) and made the requisite findings.

The State argues that court erred in its analysis of a single factor, N.J.S.A. 2C:35-14(a)(9) (requiring a finding that "no danger to the community will result from the person being placed on special probation pursuant to this section").  It contends defendant is a danger to the community; the court found that he was not.  By contesting one factor, and not the others, the State waived any contest about the other factors.  See Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); Drinker Biddle v. N.J. Dep't of Law & Pub. Safety, Div. of Law, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (noting that claims not addressed in merits brief are deemed abandoned).

The State claims it has a right to appeal because N.J.S.A. 2C:35-14(a)(9) was not satisfied and its absence made the sentence an illegal sentence.  The Supreme Court recently addressed this issue in Hyland, __ N.J. __ (slip op. at 2).  The Court held that "the State is not permitted to appeal [the] defendant's

Drug Court sentence on the basis of the [C]ourt's application of N.J.S.A. 2C:35-14(a)(9)." Id. at __ (slip. op at 15). This factor required the judge to engage in fact-finding. Because it is discretionary in nature—in contrast to some of the other factors that require "objective, per se legal determinations"—the Court held that even if the trial court abused its discretion in applying N.J.S.A. 2C:35-14(a)(9), this would not constitute an illegal sentence. Ibid. "A finding to the contrary would conflate sentence illegality with judicial abuse of discretion, and undermine this Court's consistently narrow construct of which sentences it deems illegal." Ibid. Because the State's ability to appeal a sentence is narrowly constrained, the Court held in Hyland that it did not have jurisdiction to hear the State's appeal based on the alleged error in deciding this discretionary factor; the case did not involve an illegal sentence nor was there a statutory basis to appeal. Id. at __ (slip. op at 17).

The record shows that the trial court considered all the factors under N.J.S.A. 2C:35-14(a), the presentence report, the TASC report and the submissions and arguments of counsel. The State's appeal was based on an alleged abuse of discretion by the trial court in its application of N.J.S.A. 2C:35-14(a)(9). In light of Hyland, we have no jurisdiction to consider the State's appeal.

We conclude that the State's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

The appeal is dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION